IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS RITTLE** on behalf of himself and all others similarly situated<br>Plaintiff, | : Civil Action No.: 1:15-CV-166<br>:<br>:<br>: (Judge Rambo) |
| -vs- | : (Magistrate Judge Arbuckle)<br>: |
| **PREMIUM RECEIVABLES, LLC**<br>d/b/a Premium Asset Services,<br>Defendant. | :<br>:<br>:<br>: |

## REPORT AND RECOMMENDATION ON PRELMINARY CLASS APPROVAL

**Introduction:**

    The Fair Debt Collection Practices Act (FDCPA) establishes certain minimum standards for documents used by debt collectors attempting to collect consumer debts. This potential class action seeks statutory damages under the act for persons who received debt collection letters that did not meet those minimum standards. The named parties have proposed a settlement of this matter as a class action. For the reasons set forth below, I recommend that the District Court grant preliminary approval of this class action and refer the matter back to me for the required hearings needed for final approval of the proposed class settlement.

**Jurisdiction and Venue:**

    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331. Venue lies in this District pursuant to 28 U.S.C. §1391(b)(2).

**Factual Background:**

    Defendant, Premium Receivables, LLC d/b/a Premium Asset Services, was a collector of consumer debt within the meaning of Section 1692a(6) of the FDCPA

with offices in Santa Ana, California. On June 13, 2014, Defendant sent correspondence to Dennis Rittle (plaintiff) demanding payment of an alleged Kay Jewelers credit card debt (Doc. #1, Exhibit A). The letter failed to notify the debtor that any dispute of the debt must be in writing. The FDCPA states that a **written** dispute, and not merely notification of a dispute, triggers the protections of the statute. *See* 15 U.S.C. §1692g(b). The Parties have engaged in extensive written discovery and arms-length discussions to resolve the Litigation, including conversations with me as a mediation judge, which ultimately culminated in the Proposed Agreement. Seeking class certification for all persons in Pennsylvania who received the offending letters, the parties have determined that the class consists of approximately eighty-three persons during the relevant time period. The Parties propose that Premium will pay $1,000.00 in statutory damages to the Settlement Class. Based upon discovery of Premium's assets and net worth, this amount is substantially higher than the maximum formula amount of statutory damages recoverable under the FDCPA if a class were successfully certified and the Plaintffs prevailed in the Litigation.

**Procedural History:**

A complaint against Premium Receivables was filed by Dennis Rittle on January 23, 2015 (Doc. #1). Defendant's Answer To Complaint With Affirmative Defenses was filed on October 12, 2015 (Doc. #9). After a case management

conference, the matter was referred to me as a settlement judge on December 3, 2015 (Doc. #17). The parties then filed a Consent to Proceed Before a US Magistrate Judge, which was approved by Judge Rambo on February 23, 2016. The case was assigned to Magistrate Judge Schwab (Doc. #33). On March 11, 2016, Judge Schwab entered an order stating, "Upon consent of the parties, IT IS ORDERED that this case is reassigned to United States Magistrate Judge William I. Arbuckle, III, to conduct all proceedings and order the entry of a final judgment" (Doc. #38). On March 23, 2016, a Joint Motion to Certify Class and Grant Preliminary Approval of the Class Settlement Agreement was filed (Doc. #39). Oral argument on the motion was held by telephone on September 1, 2016 (Doc. #40). The matter is now ripe for decision on preliminary approval of the class; appointment of a representative plaintiff, class counsel, and a settlement administrator; approval of the proposed class notice; the establishment of notice and objection deadlines; and the scheduling of a final hearing on the fairness of the proposed settlement and counsel fees.

**Requirements for a Class Action:**

Rules 23(a) and (b) of the Federal Rules of Civil Procedure govern the requirements for class certification. Rule 23(a) sets forth four threshold requirements for class certification, each of which must be met: (1) the class is so numerous that joinder of class members is impracticable (numerosity); (2) there are

questions of law or fact common to the class (commonality); (3) the claims or defenses of the class representatives are typical of those of the class (typicality); and (4) the class representatives will fairly and adequately protect the interests of the class (adequacy).

To certify a class, a court must also find that one of the following requirements, set forth in Rule 23(b), are met: (1) that prosecution of separate actions risks either inconsistent adjudications, which would establish incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interests of others; (2) that defendants have acted or refused to act on grounds generally applicable to the class; or (3) that there are common questions of law or fact that predominate over any individual class member's questions and that a class action is superior to other methods of adjudication.

The Supreme Court has made it clear that plaintiffs must not merely plead the existence of the Rule 23 requirements but prove them. *Wal-Mart Stores, Incorporated v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  As a result, district courts must perform a "rigorous" analysis to determine whether the Rule 23(a) prerequisites are satisfied.  *Id.* at 351 (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

**Analysis of the Requirements in this Case:**

Under Rule 23(a) the Court must address four issues.  Those are:

(1) Numerosity: In this case the class is so numerous (at least 83 individuals) that joinder of class members is impracticable.

(2) Commonality: The question of law common to all class members is the application of 15 U.S.C. § 1692g(a) to the letters written by Premium to the class members and whether the language in the letters fails to meet the requirements of the FDCPA. While each letter (if improper) is a violation of the act, the common question of fact is the author of the letter and its status as a debt collector.

(3) Typicality: The claims or defenses of the class representatives are not only typical of those of the class, but they are also identical given the representations of the defendant that a form letter was used for all members of the class.

(4) Adequacy: The proposed class representative has asserted his rights and the violation of the rights of all class members clearly and with specificity. Given the progress of the litigation to date, I believe he will fairly and adequately protect the interests of the class. The size of the class (approximately 83 individual Pennsylvania residents), the small amount of statutory damages available in total ($1,000) and for each class member (approximately $12.50 per class member) further support the adequacy of the named plaintiff's representation in this case.

Under Rule 23(b) the court must find one of three grounds justifying a class action. In this case Rule 23(b)(3) clearly applies. That rule states:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

In this case, other than receipt of the letter, there are no apparent questions of fact that affect only individual members. The questions of law appear to be identical for all identified class members. There is little motivation for any individual to bring a separate action under the statute given the cap on damages for violations of the FCDPA. The court is not aware of any other actions brought against Defendant for the violations of the FDCPA pled in this case, and Counsel for the Defendant assured the court at oral argument that there are not any. Since the class is limited to Pennsylvania residents, concentrating the claims in the Middle District of Pennsylvania is appropriate. Finally, there appears to be little likely difficulty managing this case as a class action.

**Conclusion:**

For all these reasons, I recommend that the Court adopt the proposed order attached to this Report and Recommendation which grants preliminary approval of

the class; appoints a representative plaintiff, class counsel, and a settlement administrator; approves the proposed class notice contained in the Joint Motion; establish the dates for notice and objection deadlines; and schedules a final hearing on the fairness of the proposed settlement and counsel fees.  For the court's convenience, the dates established in the proposed order are stated in a formula based on the date the Court approves the Order.

*s/ William I. Arbuckle III*
William I Arbuckle, III
United States Magistrate Judge

Dated: September 6, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DENNIS RITTLE on behalf of himself and** :
**all others similarly situated**                : Civil Action No.: 1:15-CV-166
**Plaintiff,**                                   :
                                                 : (Judge Rambo)
         -vs-                                    : (Magistrate Judge Arbuckle)
**PREMIUM RECEIVABLES, LLC**                     :
**d/b/a  Premium Asset Services,**               :
**Defendant.**                                   :

## NOTICE of REPORT & RECOMMENDATION

NOTICE IS HEREBY GIVEN that the Magistrate Judge has entered the foregoing Report and Recommendation.

Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object** to a magistrate judge's pro osed [sic] findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days after being served** with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.  M.D.Pa. LR 72.3 (2010). (emphasis added).

Signed on September 6, 2016.

                                        *s/ William I. Arbuckle III*
                                      WILLIAM I. ARBUCKLE III
                                      UNITED STATES MAGISTRATE JUDGE