# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS RITTLE, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>PREMIUM RECEIVABLES, LLC d/b/a PREMIUM ASSET SERVICES,<br>Defendant. | Civil No.: 1:15-cv-0166<br><br>(Judge Rambo)<br>(Magistrate Judge Arbuckle)<br><br><br>Preliminary Approval Order |

The Court, having considered the Report of the Magistrate Judge on the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, Dennis Rittle ("Plaintiff"), individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Premium Receivables, LLC d/b/a Premium Asset Services ("Premium").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes, the Court finds:

    A. The Settlement Class is so numerous that joinder of all members is impracticable;

    B. There are questions of law and fact common to the proposed Settlement Class;

C. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

D. Plaintiff is an appropriate and adequate representative for the Settlement Class;

E. The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F. A class action is superior to other methods for fairly and efficiently settling this controversy;

G. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Andrew T. Thomasson and Craig Thor Kimmel, will fairly and adequately represent the interests of the Settlement Class;

H. With respect to the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate; and

I. The Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. The Report and Recommendation of the magistrate judge (Doc. 41) is **ADOPTED**.

2. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as:

    All consumers with addresses in the Commonwealth of Pennsylvania to whom Premium mailed an initial written communication, which failed to inform consumers they must (i) dispute the debt in writing to obtain verification, and/or (ii) make a request in writing to obtain information regarding the name and address of the original creditor, during the period beginning January 23, 2014, and ending February 13, 2015.

    (b) defines the "Class Claims" as those claims arising from Premium's collection letter attached as *Exhibit A* to Plaintiff's Complaint in this action [Doc. 1] wherein Premium mailed consumers initial written collection communications, which failed to inform consumers they must (i) dispute the debt in writing to obtain verification, and/or (ii) make a request in writing to obtain information regarding the name and address of the original creditor, and which allegedly violates 15 U.S.C. §§1692g(a)(4) and 1692g(a)(5);

    (c) appoints Plaintiff as the Class Representative;

    (d) appoints Plaintiff's counsel, Andrew T. Thomasson and Craig Thor

>   Kimmel, as Class Counsel; and
>
>   (e) appoints Heffler Claims Group as the Settlement Administrator to administer notice to the class and the settlement.

3. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of the Settlement Class Members as shown in Premium's business records. Plaintiff will cause the Class Notice to be mailed to Settlement Class members on or before **September 27, 2016**. Plaintiff will have the notice sent by any form of U.S. Mail providing forwarding addresses.

4. The Court finds that mailing of the Class Notice is the only notice required and such notice satisfies the requirements of due process under the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and other applicable laws.

5. Settlement Class members shall have until **November 11, 2016**, to exclude themselves from the proposed settlement. Any Settlement Class members desiring to exclude themselves from the settlement must serve copies of their request on the Settlement Administrator by that date.

6. Any Settlement Class members who wish to object to the proposed Settlement must submit in writing to the Clerk of the United States District Court for the Middle District of Pennsylvania, and serve copies of the

objection on the Settlement Administrator by Settlement Class members shall have until **November 11, 2016**.

All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, telephone number, and the last four digits of their Social Security Number; (2) a sentence stating that to the best of his or her knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Rittle v. Premium Receivables, LLC d/b/a Premium Asset Services*, Case No. 1:15-cv-00166-SES ; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **November 21, 2016**, and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

7. To be effective, any request for exclusion or objection must be postmarked by **November 11, 2016**.

8. If not already filed, Premium shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

9. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on **November 28, 2016**, at 9:30 a.m. in Courtroom # 3, before Magistrate Judge William Arbuckle in the Ronald Regan Federal Building and U. S. Courthouse, 228 Walnut Street, Harrisburg, Pennsylvania.

**SO ORDERED.**

      s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 13, 2016