UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS RITTLE on behalf of himself and all others similarly situated,<br>        Plaintiff<br><br>  -vs-<br><br>PREMIUM RECEIVABLES, LLC<br>d/b/a Premium Asset Services,<br>        Defendant | ) CIVIL ACTION NO.: 1:15-CV-0166<br>)<br>) (RAMBO, D.J.)<br>)<br>) (ARBUCKLE, M.J.)<br>)<br>)<br>)<br>) |

ORDER

The Court has reviewed the Report and Recommendation of Magistrate Judge Arbuckle filed with this court on October 15, 2018. No objections have been filed with the Court. The Court adopts the findings and recommendations of the Magistrate Judge and enters the following Order as recommended by Judge Arbuckle.

Upon consideration of the parties' request for final approval of the proposed Class Settlement Agreement ("Agreement") between Lead Plaintiff, Dennis Rittle ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Premium Receivables, LLC d/b/a Premium Asset Services ("Premium"), **THE COURT ORDERS AND FINDS AS FOLLOWS**:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, settlement class members, and Defendant Premium.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

All consumers with addresses in the Commonwealth of Pennsylvania to whom Premium mailed an initial written communication, which failed to inform consumers they must (i) dispute the debt in writing to obtain verification, and/or (ii) make a request in writing to obtain information regarding the name and address of the original creditor, during the period beginning January 23, 2014, and ending February 13, 2015.

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not Premium violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by mailing consumers initial written collection communications, which failed to inform consumers they must (i) dispute the debt in writing to obtain verification, and/or (ii) make a request in writing to obtain information regarding the name and address of the original creditor; (C) the Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Andrew T. Thomasson, Philip D. Stern, and Craig Thor Kimmel, were previously appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the

claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 80 Class Members by Heffler Claims Group, the third-party settlement administrator ("Settlement Administrator"). A total of four (4) envelopes were returned by the United States Postal Service as undeliverable. None of the Class Members requested exclusion from, or objected to, the Settlement.

5. On November 28, 2016, the Court held a fairness hearing to which Class Members, including any with objections, were invited; however, no Class Members appeared at the hearing.

6. The Court finds the provisions for notice to the Settlement Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and other applicable laws.

7. The Court finds that the Settlement is fair, reasonable, and adequate and hereby approves the Agreement submitted by the Parties, including the Release and payments by Premium. In accordance with the terms of the Agreement, Premium shall make the following payments:

8. Premium shall remit the class settlement fund of $1,000.00 ("Class Recovery"), to the Settlement Administrator who will distribute it *pro*

*rata* among those 76 Class Members who received the notice and did not exclude themselves from the Settlement ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to: MidPenn Legal Services, 213-A North Front Street, Harrisburg, PA 17101.

9. Premium shall pay Class Representative Plaintiff, Dennis Rittle, $1,000.00.

10. Premium shall pay Class Counsel $18,000.00 for their attorneys' fees and costs, including costs to the Settlement Administrator incurred in the action. Class Counsel shall not request additional fees or costs from Premium or the Class Members.

11. The Parties grant the following releases:

    (a) Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Premium, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their

respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Premium) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the Effective Date.

(b) Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had, including claims for the payment of attorney's fees and costs arising out of or related to Premium's collection letter that is attached as *Exhibit A* to Plaintiff's Complaint in the Litigation (Doc. 1).

(c) Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts which Premium was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d) Premium DOES NOT release its claims, if any, against Plaintiff or any Class Member for payment of their alleged debts. The underlying debts Premium sought to collect are unaffected by the Settlement and, therefore, Premium is not prevented from continuing to attempt to collect those debts.

12. The Court finds the Agreement is fair and made in good faith.

13. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

14. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

15. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

16. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

Date: November 27, 2018          **SO ORDERED.**


                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge